CHARLES A. BENSON, Respondent, *v.* ASSOCIATED ART PRESS, INC., and Another, Defendants, Impleaded with SAMUEL W. FRANKEL, Appellant.

First Department, November 18, 1932.

*H. T. Mann* of counsel [*Yankauer, Davidson & Mann*, attorneys], for the appellant.

*William Wills*, for the respondent.

TOWNLEY, J. Plaintiff brought a representative action on behalf of himself and other stockholders similarly situated alleging that defendants Frankel and Boswell, as directors and officers of Associated Art Press, Inc., were guilty of misconduct, fraud, mismanagement and waste. The answer denied all charges and alleged that the business of the corporation was wound up in 1925. There was also a plea of laches in that the plaintiff had waited five years from the termination of the business of the corporation during which time its books and records were lost and its witnesses became unavailable.

All of the capital stock of this corporation was held by the plaintiff and the two individual defendants. The plaintiff owned twenty-five per cent of the shares and was a director and secretary. In 1925 plaintiff purchased the interest of the defendants and took over all of the assets of the corporation. A statement of the affairs of the corporation prepared by the bookkeeper at that time showed that the corporation had liquid assets sufficient to meet its liabilities and a plant and equipment of considerable value.

On the trial no evidence of any wrongdoing on the part of the defendant was offered by the plaintiff. The two findings of the

trial court on which the interlocutory judgment is based read as follows:

" *Eighth.* That the defendant, Samuel W. Frankel, while being such treasurer, issued corporate checks of the defendant corporation drawn respectively to cash, and to Samuel W. Frankel and Peyton Boswell, who were at the time directors of the defendant corporation and collected and withdrew from the depository of the funds of the Associated Art Press, Inc., the defendant corporation, sums of money by means of such checks.

" *Ninth.* That no account was ever rendered to the plaintiff by the defendant, Samuel W. Frankel, or the defendant corporation for what corporate purposes the checks referred to in the preceding paragraph had been issued or for what corporate purpose the moneys so collected thereon had been used, although duly demanded."

The conclusion of law is: " That the plaintiff is entitled to an interlocutory judgment directing the defendant, Samuel W. Frankel, to account to the defendant corporation for what corporate purposes the corporate checks drawn respectively to cash and to defendants, Samuel W. Frankel and Peyton Boswell, and signed by the defendant, Samuel W. Frankel, as treasurer, had been issued, and to account whether the sums of money collected by him from the depository of defendant corporation funds by means of such defendant corporation checks drawn to the order of cash, and to the defendants, Samuel W. Frankel and Peyton Boswell, and signed by the defendant, Samuel W. Frankel, as treasurer, were used for corporate purposes."

On the complaint in suit it was necessary before an interlocutory judgment could be granted to make a finding of wrongdoing on the part of defendants which would warrant an accounting. All that may be inferred from the findings and conclusion of law is that over a period of years certain checks were drawn to cash. The money may have been properly paid out for corporate purposes, for payrolls, for petty cash, or for any transaction requiring the disbursement of currency. There is no evidence that the books were wantonly destroyed so that a fraud could not be uncovered.

On a record showing a complete absence of wrongdoing there can be no judgment for an accounting. The misconduct is not to be presumed. Indeed the law is to the contrary. " The directors of a company still are the agents and trustees of a corporation, and have the control and management of its affairs for the benefit of the stockholders and the reasonable service of the public, and until it is shown otherwise there is a presumption that their acts were honest and in the best interests of the company." (*Matter*

*of Watertown Gas Light Co.*, 127 App. Div. 462.) (See, also, Thompson Corp. [3d ed.] § 1165; *Corbus* v. *Gold Mining Co.*, 187 U. S. 455.)

The judgment should be reversed, with costs, and the complaint dismissed on the merits, with costs.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed on the merits, with costs.